O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

THE HAVEN AT VENTURA, LLC,

                Plaintiff,

    v.

GENERAL SECURITY INDEMINTY
COMPANY OF ARIZONA ET AL.,

                Defendants.

Case No.: 2:22-cv-01284-MEMF-MAA

**ORDER ON MOTIONS *IN LIMINE* [ECF NOS. 115, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126]**

Before the Court are five (5) Motions *in Limine* (ECF Nos. 122, 123, 124, 125, 126) and a Motion to Bifurcate Trial of Breach of Contract and Declaratory Relief Claims Before Trial of Breach of Implied Covenant of Good Faith and Fair Dealing (ECF No. 121) filed by Defendants General Security Indemnity Company of Arizona, Westchester Surplus Lines Insurance Company, Endurance American Specialty Insurance Company, and Certain Underwriters at Lloyd's London Known as Syndicates TMK 510 and TMK 1880. Also before the Court are five (5) Motions *in Limine* filed by Plaintiff (ECF Nos. 115, 117, 118, 119, 120). For the reasons stated herein, the Court rules on the motions as described below.

The parties are ORDERED to advise their witnesses of these rulings. Should a witness be required to refer to excluded material in order to answer a question truthfully, the witness should

1  indicate that a sidebar is needed and should not refer to the excluded material in the presence of the

2  jury.

3     I.     **Background**

4          **A. Factual Background**

5          The Court's factual findings are listed on its Amended Order Granting in Part Defendants'

6  Motion for Summary Judgment. ECF No. 96. As such, the Court will only briefly outline the general

7  factual background for this action here.

8          This action arises from allegations by Plaintiff the Haven at Ventura, LLC ("Plaintiff" or

9  "Haven") that Defendants General Security Indemnity Company of Arizona ("GSICA"),

10 Westchester Surplus Lines Insurance Company ("Westchester"), Endurance American Specialty

11 Insurance Company ("EASIC"), Certain Underwriters at Lloyd's London Known as Syndicates

12 TMK 510 and TMK 1880 ("Lloyd's," or collectively with GSICA, Westchester, EASIC, and

13 Lloyd's, "Defendants") impermissibly denied Plaintiffs's insurance claim for damage to an

14 apartment complex that Plaintiff constructed.

15         **B. Procedural History**

16         Plaintiff filed the Complaint in this Court on February 24, 2022. ECF No. 1 ("Compl."). The

17 Complaint alleges six causes of action against all Defendants including: (1) a claim for declaratory

18 relief that certain of Plaintiff's losses fall outside the scope of the Fungus Exclusion; (2) a claim for

19 declaratory relief that the Claim falls within the Mold Coverage Extension; (3) a claim for

20 declaratory relief that the Claim falls within the coverage afforded for Delay in Opening; (4) a claim

21 for breach of contract based on Defendants' failure to pay the Claim; (5) a claim for breach of

22 contract based on Defendants' failure to cover the losses related to a delay in opening (6) a claim for

23 breach of implied covenant of good faith and fair dealing. *See generally* Compl.

24         On September 27, 2024, the Court denied the parties' Motion for Summary Judgment as to

25 all causes of action and granted the Motion as to Plaintiff's request for punitive damages. ECF 96

26 ("MSJ Order").

27         The parties filed their initial Motions *in Limine* on June 26, 2024 (ECF Nos. 79, 80, 82, 86,

28 87, 88, 89, 90), which were denied as moot on February 25, 2025 (ECF No. 100).

1    Plaintiff refiled its Motions *in Limine* on June 25, 2025 (ECF Nos. 115, 117, 118, 119, 120).

2    Defendants also refiled their Motions *in Limine* and filed the Motion to Bifurcate Trial of Breach of

3    Contract and Declaratory Relief Claims Before Trial of Breach of Implied Covenant of Good Faith

4    and Fair Dealing ("Motion to Bifurcate Trial") on June 25, 2025 (ECF Nos. 121, 122, 123, 124, 125,

5    126). Plaintiff filed oppositions to Defendants' Motions *in Limine* and Motion to Bifurcate Trial on

6    July 9, 2025 (ECF Nos. 139, 140, 141, 142, 143, 144). On the same day, Defendants filed

7    oppositions to Plaintiff's Motions *in Limine* (ECF Nos. 146, 147, 148, 149, 150).

8    　　　The Court held a hearing on the motions at the Final Pretrial Conference on August 6, 2025.

9    The Court provided an oral tentative at the outset of the hearing, to which the parties largely

10   submitted, with the exception of Plaintiff's Motion in Limine No. 1, and Defendants' Motion in

11   Limine Nos. 1 and 2.

12   **II.    Applicable Law**

13   　　　**A.  Motions *in Limine***

14   　　　 A motion *in limine* is "a procedural mechanism to limit in advance testimony or evidence in

15   a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). A party files a

16   motion *in limine* to exclude anticipated prejudicial evidence before the evidence is introduced at

17   trial. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). A court has the power to grant such

18   motions pursuant to its "inherent authority to manage trials," even though such rulings are not

19   explicitly authorized by the Federal Rules of Evidence. *Id.* at 41 n.4 (citation omitted). Regardless of

20   a court's initial decision on a motion *in limine*, it may revisit the issue at trial. *Id.* at 41–42 ("[E]ven

21   if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial

22   discretion, to alter a previous *in limine* ruling.").

23   　　　**B.  Federal Rules of Evidence 401 and 402**

24   　　　Federal Rule of Evidence 402 explicitly prohibits the inclusion of "irrelevant" evidence. Fed.

25   R. Evid. 402. The Rule dictates that "[r]elevant evidence is admissible unless any of the following

26   provides other: the United States Constitution; a federal statute; these rules; or other rules prescribed

27   by the Supreme Court. Irrelevant evidence is not admissible." Fed. R. Evid. 402.

28

1    Federal Rule of Evidence 401 prescribes what evidence qualifies as relevant. Fed. R. Evid.

2    401. It provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less

3    probable than it would be without the evidence; and (b) the fact is of consequence in determining the

4    action." *Id.* 401(a)–(b); *see also Crawford v. City of Bakersfield*, 944 F.3d 1070, 1077 (9th Cir.

5    2019) ("Deciding whether a fact is of consequence in determining the action generally requires

6    considering the substantive issues the case presents." (internal quotation marks omitted)). Courts

7    have recognized that Rule 401's "basic standard of relevance . . . is a liberal one." *Crawford*, 944

8    F.3d at 1077.

9    ### C.  Federal Rule of Evidence 403

10    Federal Rule of Evidence 403 dictates that "[t]he court may exclude relevant evidence if its

11    probative value is substantially outweighed by a danger of one or more of the following: unfair

12    prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly

13    presenting cumulative evidence." Fed. R. Evid. 403. District courts have broad discretion in

14    assessing admissibility under Rule 403. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 US 379, 384

15    (2008) (finding "wide discretion" necessary because Rule 403 "requires an on–the–spot balancing of

16    probative value and prejudice, potentially to exclude . . . evidence that already has been found to be

17    factually relevant") (internal quotes omitted); *see also Hardeman v. Monsanto Co.*, 997 F.3d 941,

18    967 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 2834 (2022) ("A district court's Rule 403 determination

19    is subject to great deference, because the considerations arising under Rule 403 are susceptible only

20    to case–by–case determinations, requiring examination of the surrounding facts, circumstances, and

21    issues.").

22    ### D.  Fed. R. Evid. 701: Lay Witness Opinion Testimony

23    Under Federal Rule of Evidence 701, a lay witness may testify "in the form of an opinion" if

24    it is "(a) rationally based on the perception of the witness; (b) helpful to a clear understanding of the

25    witness' testimony or the determination of a fact in issue; and (c) not based on scientific, technical,

26    or other specialized knowledge." Fed. R. Evid. 701. "Rule 701(a) contains a personal knowledge

27    requirement." *United States v. Lopez*, 762 F.3d 852, 864 (9th Cir. 2014); *see also* Fed. R. Evid. 602

28    ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that

1    the witness has personal knowledge of the matter"). "In presenting lay opinions, the personal

2    knowledge requirement may be met if the witness can demonstrate firsthand knowledge or

3    observation." *Lopez*, 762 F.3d at 864.

4         The opinion testimony of lay witnesses must be "predicated upon concrete facts within their

5    own observation and recollection—that is facts perceived from their own senses, as distinguished

6    from their opinions or conclusions drawn from such facts." *United States v. Durham*, 464 F.3d 976,

7    982 (9th Cir. 2006) (quoting *United States v. Skeet*, 665 F.2d 983, 985 (9th Cir. 1982)). Accordingly,

8    "[a] lay witness's opinion testimony necessarily draws on the witness's own understanding,

9    including a wealth of personal information, experience, and education, that cannot be placed before

10   the jury." *United States v. Gadson*, 763 F.3d 1189, 1208 (9th Cir. 2014). But a lay opinion witness

11   "may not testify based on speculation, rely on hearsay or interpret unambiguous, clear statements."

12   *United States v. Vera*, 770 F.3d 1232, 1242 (9th Cir. 2014).

13                    **E.  Federal rule of Evidence 702 and 703**

14        The personal knowledge requirement for lay witnesses does not apply to expert testimony.

15   Fed. R. Evid. 602. Federal Rule of Evidence 702 allows a witness to testify as an expert "[i]f

16   scientific, technical, or other specialized knowledge will assist the trier of fact to understand the

17   evidence or to determine a fact in issue." *United States v. Alonso*, 48 F.3d 1536, 1540 (9th Cir. 1995)

18   (quoting Fed. R. Evid. 702). While Courts may reject wholly speculative or unfounded testimony, it

19   abuses its discretion if it overlooks relevant data submitted as the foundation of an expert's

20   remarks." *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1025 (9th Cir. 2022). Experts may express

21   opinions without published support if they provide an explanation of why such publications are

22   unavailable. *Primiano v. Cook*, 598 F.3d 558, 567 (9th Cir. 2010). This concern regarding

23   speculation speaks to weight, not reliability. *Elosu*, 26 F.4th at 1025.

24        Federal Rule of Evidence 703 establishes that an expert may base their opinion on "facts or

25   data in the case that the expert has been made aware of or personally observed." Fed. R. Evid. 703;

26   *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 593 (1993) ("[A]n expert is permitted

27   wide latitude to offer opinions, including those that are not based on firsthand knowledge or

28   observation."). If experts in the particular field would "reasonably rely on those kinds of facts or data

1    in forming an opinion on the subject, they need not be admissible for the opinion to be admitted,"

2    but if the facts or data would otherwise be inadmissible, the proponent of the opinion can only

3    disclose them to the jury if "their probative value in helping the jury evaluate the opinion

4    substantially outweighs their prejudicial effect." Fed. R. Evid. 703; *see also Daubert*, 509 U.S. at

5    595 (noting that under Rule 703, expert opinions based on inadmissible hearsay should only be

6    admitted if the facts or data are "of a type reasonably relied upon by experts in the particular field in

7    forming opinions or inferences upon the subject" (internal quotations omitted)).

8                  **F.  Federal rule of Evidence 705**

9        Federal Rule of Evidence 705 expressly preserves a party's right to cross-examine an expert

10    and force the expert to disclose the facts or data which the expert relied upon in providing testimony

11    and expert opinions. Fed. R. Evid. 705.

12                  **G.  Federal Rule of Civil Procedure 42**

13        Under Federal Rule of Civil Procedure 42(b), the court may order a separate trial of one or

14    more separate issues, claims, crossclaims, counterclaims, or third-party claims for convenience, to

15    avoid prejudice, or to expedite and economize. When ordering a separate trial, the court must

16    preserve any federal right to a jury trial. Fed. R. Civ. P. 42(b).

17    **III.**     **Discussion**

18        **A.  Defendants' Motion *in Limine* No. 1 (ECF No. 122) is DENIED.**

19        Defendants move to exclude opinion testimony from Plaintiff's disclosed witnesses regarding

20    causation or specialized construction-related matters such as the proper methods of construction for

21    mitigating damage to construction materials and costs of making good. ECF No. 122 at 3–4.[1] In

22    particular, Defendants seek to proscribe Plaintiff's witnesses from opining on mold, or mold-related

23    issues, such as what caused the mold, what would have prevented the mold, what should have been

24    done following discovery of the mold, and what mitigation and repair approaches should have been

25

26

27

---

28    [1] Unless otherwise noted, when citing to the documents submitted by the parties or filed on the docket, the
Court cites to the page numbers generated by the CM/ECF System.

1    utilized by Defendants under the circumstances. *Id*. at 7–12. Defendants make this motion pursuant

2    to Federal Rules of Evidence 702, 703, and 705. *Id.* at 12.

3         Upon consideration of the parties' moving briefs and the arguments at the hearing, the Court

4    DENIES the Motion as lay witnesses are permitted to provide opinion testimony.

5         **B.  Defendants' Motion *in Limine* No. 2 (ECF No. 123) is DENIED.**

6         Defendants move to exclude argument or evidence regarding two separate categories of

7    damages: (1) costs Plaintiff incurred to remove and replace construction materials that were

8    improperly installed in a damp and mold-laden environment ("Hard Costs"); and (2) amounts

9    payable under the insurance policy provisions entitled "Delay in Opening" ("Delay Claim

10    Damages"). ECF No. 123 at 4. Defendants contend that it is improper to present such evidence

11    unless Plaintiff makes a prima facie showing that (1) for all aspects of the claimed damages, Plaintiff

12    established all threshold matters that it must prove based on the terms and conditions of the Policies

13    that pertain to those particular damages; and (2) for all sums Plaintiff alleges it is owed, all damages

14    sought are actually payable and Plaintiff is not seeking a double-recovery. *Id.* With regard to the

15    Hard Costs, Defendants assert that the prima facie case requires Plaintiff to demonstrate that there

16    was an "occurrence" that is covered under the "Extension of Coverage" policy, and that the mold

17    "resulted directly from" that "occurrence." *Id.* at 6. With regard to the Delay Claim Damages,

18    Defendants contend that Plaintiff must demonstrate that there was a "delay" caused by an

19    "occurrence" or "series of "occurrences," resulting in "physical loss to the insured property by an

20    insured peril." *Id.* at 11–12. Defendants argue that Plaintiff cannot maker either showing, so such

21    evidence should be excluded at trial. *See generally id.*

22         Defendants make this motion pursuant to Federal Rules of Evidence 401, 402, and 403. *Id*. at

23    11.

24         Upon consideration of the parties' moving briefs and the arguments at the hearing, the Court

25    DENIES the Motion. Defendants make a number of arguments that are unsupported by case law,

26    such as a requirement that Haven makes a "prima facie case" before being permitted to present

27    evidence of damages. Similarly, Defendants raise a number of red herring issues not supported by

28    the record, including that Haven intends to present the jury with a "stack" of invoices and require the

jury to guess as to their significance. There is no indication that this is what Haven intends to do at

trial. Defendants also appear to misread the Court's MSJ Order, which did not find that Haven is

only entitled to water remediation costs or that Haven can only recover if it shows water damage that

did not result in mold. The MSJ Order is clear on the relationship between the two. Defendants also

seem to argue that Haven cannot prove causation of the mold without expert testimony, another

assertion unsupported by the law. In addition, without any support in case law, Defendants declare

that because the policy has a limit of $1M, any invoices beyond $1M are necessarily cumulative and

should be excluded. This would be a particularly unprecedented approach. Finally, Defendants seek

to obtain through this motion *in limine* what they failed to obtain at summary judgment – a

determination that Haven's claims fail for want of proof of damages. The deadline for seeking

summary judgment has passed, and the Court will not grant summary judgment by way of a motion

*in limine*.

### C.  Defendants' Motion *in Limine* No. 3 (ECF No. 124) is DENIED.

Defendants move to exclude Plaintiff's expert witness, Ms. White, from introducing or

presenting evidence related to claimed damages that was not subject to any methodology, and which

does not constitute an "expert opinion" within the meaning of the Federal Rules of Evidence. ECF

No. 124 at 3. 12. Defendants make this motion pursuant to Federal Rules of Evidence 702, 703, and

705. *Id*. at 3.

Upon consideration of the parties' moving briefs, the Court DENIES the Motion for the

reasons stated at the hearing.

### D.  Defendants' Motion *in Limine* No. 4 (ECF No. 125) is GRANTED IN PART.

Defendants move to exclude all insurance policy interpretation testimony, including such

testimony from Plaintiff's witness Mr. Titus, because it constitutes an attempt to offer improper

expert opinion testimony that goes beyond Defendants' claims handling practices and standards.

ECF No. 125 at 3.

Upon consideration of the parties' moving briefs, the Court GRANTS the Motion IN PART

for the reasons stated at the hearing, adopting Haven's proposal with respect to the limits on this

testimony.

1

**E.  Defendants' Motion *in Limine* No. 5 (ECF No. 126) is GRANTED.**

2      Defendants move to exclude evidence relating to Chubb's Underwriting Memorandum Cost

3  of Making Good, Chubb's Amendment to Excluded Cause of Loss—Cost of Making Good, and

4  L.E.G. Group Defects Wording document. ECF No. 126 at 3. Defendants argue that these documents

5  are irrelevant to what is at issue in this case, unduly prejudicial to Defendants, and will likely

6  confuse the jury. *See generally id.* Defendants make this motion pursuant to Federal Rules of

7  Evidence 401 and 402. *Id.* at 5.

8      Upon consideration of the parties' moving briefs, the Court GRANTS the Motion for the

9  reasons stated at the hearing as the purposes proffered by Haven for this evidence appear

10 unnecessary and inappropriate, rendering this evidence irrelevant.

11

**F.  Defendants' Motion to Bifurcate Trial (ECF No. 121) is DENIED.**

12     Defendants move to bifurcate and try Plaintiff's first five claims concerning breach of

13 contract prior to any trial on Plaintiff's sixth claim regarding breach of implied covenant of good

14 faith and fair dealing. ECF No. 121 at 4. Defendants assert that the bifurcation of trials is appropriate

15 here because resolution of the claims on Defendants' alleged breach of contract are dispositive of the

16 entire case. *Id.* at 5. Defendants also argue that bifurcation is necessary to avoid potential undue

17 prejudice to Defendants. *Id.* at 6–8. The Defendants make their motion pursuant to Federal Rule of

18 Civil Procedure 42(b). *Id*. at 8.

19     Upon consideration of the parties' moving briefs and the arguments at the hearing, the Court

20 DENIES the Motion. Defendants have failed to show that the bifurcation will significantly

21 streamline the trial, nor have they shown any prejudice from the evidence that would be relegated to

22 the second phase.

23

**G.  Plaintiff's Motion *in Limine* No. 1 (ECF No. 115) is GRANTED.**

24     Plaintiff moves to exclude any evidence or reference to payments made by Navigator

25 Insurance Company to Plaintiff. ECF No. 115 at 3. Plaintiff argues the Defendants' insurance policy

26 contains an unambiguous "Primary Insurance Insured Project Endorsement," mandating coverage as

27 though any other insurance policy did not exist. *Id.* Plaintiff also argues that Defendants' "first dollar

28 coverage" provision creates an independent coverage obligation that operates regardless of payments

1    by other insures. *Id*. at 6. Finally, Plaintiff contends that evidence of Navigator Insurance Company's

2    payments to Plaintiff is barred by California's collateral source rule, and the minimal probative value

3    of such evidence is substantially outweighed by its prejudicial impact. *Id.* at 7–8. Plaintiff makes this

4    motion pursuant to Federal Rules of Evidence 401, 402, and 403, California's collateral source rule,

5    and the express contractual provisions of Defendants' insurance policy. *See generally id.*

6           Upon consideration of the parties' moving briefs and the arguments at the hearing, the Court

7    GRANTS the Motion. The primary endorsement renders the Navigator payment irrelevant and

8    highly prejudicial, even if the collateral source rule does not apply to this contract dispute. The

9    communications with Navigator are also of limited probative value given the differences in the

10   policies and the absence of a communication explicitly contradicting the claims made in this case.

11   The limited probative value is far outweighed by the prejudice of the jury somehow believing that

12   Haven has already been fully compensated. Finally, Defendants' double recovery argument is

13   unavailing at this stage, given that the Navigator payment is only $1M whereas the evidence

14   Defendants point to (communications showing a set off) indicate that the losses claimed by Haven

15   far exceed that and that even the $5.8M does not include some costs incurred.

16           **H.   Plaintiff's Motion *in Limine* No. 2 (ECF No. 120) is DENIED.**

17          Plaintiff moves to exclude the expert testimony of three expert witnesses—Mr. Daily, Mr.

18   Sasaki, and Mr. Buckley—to the extent such testimony seeks to justify Defendants' coverage denial

19   through after-the-fact analysis that was not performed during the actual claims handling process.

20   ECF No. 120 at 3–4.

21          Upon consideration of the parties' moving briefs, the Court DENIES the Motion for the

22   reasons stated in the tentative at the hearing.

23           **I.   Plaintiff's Motion *in Limine* No. 3 (ECF No. 117) is DENIED.**

24          Plaintiff moves to exclude evidence requiring proof of a specific covered "occurrence"

25   beyond the insurance policy's plain terms, and to preclude Defendants from substituting expert

26   testimony for policy interpretation. ECF No. 117 at 3.

27

28

1    Upon consideration of the parties' moving briefs, the Court DENIES the Motion for the

2    reasons stated on the record as the Court has already interpreted the relevant policy provisions in its

3    MSJ Order.

4    **J.  Plaintiff's Motion *in Limine* No. 4 (ECF No. 119) is DENIED.**

5    Plaintiff moves to exclude: (1) all witness testimony interpreting, defining, or giving legal

6    meaning to insurance policy terms; (2) Mr. Daily's anticipated scientific testimony about the

7    definitions of  "water damage" and other related technical concepts that constitute policy

8    interpretation; (3) Mr. Buckley's anticipated testimony regarding industry standards validation of

9    coverage decisions that constitutes indirect policy interpretation; and (4) all witness testimony

10   offering opinions about coverage scope, policy application, or reasonableness of coverage decisions.

11   ECF No. 119 at 11.

12   Upon consideration of the parties' moving briefs, the Court DENIES the Motion for the

13   reasons stated in the oral tentative as the challenged testimony does not appear to be policy

14   interpretation.

15   **K.  Plaintiff's Motion *in Limine* No. 5 (ECF No. 118) is DENIED.**

16   Plaintiff moves to exclude all post-denial investigation evidence relied upon to justify

17   Defendants' insurance coverage denial as well as testimony from expert witnesses, who were

18   retained after the insurance coverage denial at issue, about their respective post-denial investigations.

19   ECF No. 119 at 7.

20   Upon consideration of the parties' moving briefs, the Court DENIES the Motion for the

21   reasons stated in the oral tentative as Haven is not specific about what is being excluded and its

22   concerns can be addressed in appropriate limiting instructions.

23   **IV.    Conclusion**

24   For the foregoing reasons, the Court hereby ORDERS as follows:

25        1.  Defendants' Motion *in limine* No. 1, ECF No. 122, is DENIED;

26        2.  Defendants' Motion *in limine* No. 2, ECF No. 123, is DENIED;

27        3.  Defendants' Motion *in limine* No. 3, ECF No. 124, is DENIED;

28        4.  Defendants' Motion *in limine* No. 4, ECF No. 125, is GRANTED IN PART

5.  Defendants' Motion *in limine* No. 5, ECF No. 124, is GRANTED;

6.  Defendants' Motion to Bifurcate Trial, ECF No. 121, is DENIED;

7.  Plaintiff's Motion *in limine* No. 1, ECF No. 115, is GRANTED;

8.  Plaintiff's Motion *in limine* No. 2, ECF No. 120, is DENIED;

9.  Plaintiff's Motion *in limine* No. 3, ECF No. 117, is DENIED;

10. Plaintiff's Motion *in limine* No. 4, ECF No. 119, is DENIED; and

11. Plaintiff's Motion in limine No. 5, ECF No. 118, is DENIED

12. The parties shall meet and confer regarding any limiting instructions discussed above and provide a joint proposal to the Court by Monday, August 11.

IT IS SO ORDERED.

Dated: August 8, 2025

_____

MAAME EWUSI–MENSAH FRIMPONG

United States District Judge

12